IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRESCENT CITY HARBOR DISTRICT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER L. VAN HOOK d/b/a GLOBAL CULTURE, and ABALONE INTERNATIONAL, INC.,<br><br>　　　　Defendants.<br>_____/ | No. C 03-00990 CRB<br><br>**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD** |

Now before the Court is defendant's motion to confirm the arbitration award and plaintiff's cross motion to vacate the award. After carefully considering the memoranda submitted by the parties the Court finds that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion to confirm. The motion to vacate is DENIED.

**BACKGROUND**

In March 1987, defendant Christopher Van Hook (doing business as Global Culture) entered into a 40-year lease with the Crescent City Harbor District (the "harbor lease" or "master lease") for a "commercial maritime business" to grow abalone in the sea water in the harbor. The lease was amended in November 1994 to extend the term for an additional 15 years and to provide Van Hook with additional property for his operations.

/ / /

1    In January of 1998, Van Hook arranged to enter into a transaction in which an
2 investor was to buy a substantial interest in Abalone International ("AI"), a company in
3 which Van Hook owned a majority interest and had been managing. As a part of the
4 transaction, Van Hook subleased the property subject to the harbor lease to AI. Under the
5 lease, Van Hook was required to secure the approval of the Harbor District before entering
6 into the sublease.

7    Van Hook, who had been serving as an elected member of the Harbor District
8 commission since 1997, brought the issue before the commission in a public meeting. At the
9 meeting, Van Hook disqualified himself as a commissioner and instead addressed the panel
10 as a private citizen. After the hearing, the commission voted 4-0-1 (with Van Hook
11 abstaining) to approve the sublease.

12    Sometime in late 1996, the District ceased regular dredging operations in the area of
13 the abalone farm. With no dredging sand and silt began to accumulate in the harbor. By
14 February 2001 abalone mortalities had risen far above normal levels because their cages were
15 being buried underneath the rising sea floor. Mortality rates continued to rise until finally, in
16 early August, the last few surviving abalone were devoured by an invasion of anchovies.
17 Soon thereafter, Van Hook's abalone business shut down.

18    The District filed a complaint for declaratory relief in this Court on March 2003,
19 asking for a declaration that it owed no duty to dredge under the lease or any state laws. Van
20 Hook moved to send the action to arbitration based on a term in the master lease. The Court
21 granted the motion on July 2, 2003.

22    On June 1, 2005, the arbitration panel returned a verdict in favor of Van Hook,
23 ordering the District to pay him $851,644.25 in damages, $176,265.00 in fees and $57,943.03
24 in costs. The District now moves to vacate this verdict.

**DISCUSSION**

**I. Standard of Review**

Under both California and Federal law, there is a "strong public policy in favor of
arbitration as a speedy and relatively inexpensive means of dispute resolution." Moncharsh

v. Heily & Blase, 3 Cal.4th 1, 9 (Cal. 1992); see also Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 226 (1987) (discussing strong federal policy in favor of arbitration). As a result, courts will "indulge every intendment to give effect to such proceedings," Moncharsh, 3 Cal.4th at 9, and judicial intervention is to be minimized. Id. at 10. The court may not review the merits of the controversy between the parties, the sufficiency of the evidence supporting the decision, or the arbitrator's reasoning. Id.

Under California law, which applies here, an arbitrator's award may be vacated for reasons provided by statute, if it is found that:

> (a) The award was procured by corruption, fraud or other undue means; (b) There was corruption in any of the arbitrators; (c) The rights of such party were substantially prejudiced by misconduct of a neutral arbitrator; (d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; or (e) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title.

Id. at 12 (quoting 9 Cal. Code of Civ. Proc. §§ 1286.2).

**II. Analysis**

The District argues that the arbitration panel's conclusions should be set aside because Van Hook's membership on the board when the sublease was approved was illegal under California corruption laws, rendering the entire transaction--including the master lease--invalid. This claim fails for several reasons.

First, Van Hook waived this claim by failing to raise it before the arbitrators. The governing standard is provided by Moncharsh v. Heily & Blase, which held that if a party is not claiming either that the entire contract is illegal or the arbitration agreement itself is illegal then failure to raise the illegality claim before the arbitrator waives future judicial review. 3 Cal.4th at 31. Here, although the District claims that the purported invalidity of the sublease somehow invalidates the master lease, the language of the sublease is to the contrary: "The Harbor and Kelp Subleases are subject to and subordinate to the terms and conditions of the Harbor and Kelp Master Leases." See Abalone Int'l, Inc.--Global Culture Sublease Agreement, ¶ 4. It is therefore apparent that the District's illegality argument

3

would not void the master lease. Notably, both the arbitration clause and the terms creating a duty to dredge for the District are contained in the master lease. As a result, the District's claim of illegality would have no effect on these key provisions. Accordingly, since the District did not raise illegality during arbitration, that claim has been waived.

Second, assuming that the illegality claim had not been waived, it would not be reviewable by this Court. Even though a claim that an arbitration award "was procured by corruption, fraud, or other undue means" is subject to judicial review, Cal. Code of Civ. Proc. § 1286.2(a), such review is limited to only those cases in which a party claims the entire contract should be voided. See Moncharsh, 3 Cal.4th at 31-32. While there is an exception to this rule in certain "limited and exceptional circumstances," id. at 32, this case does not present such circumstances. Defendant's claims do not implicate the fundamental policies embodied in California's anti-corruption laws because, as explained below, the sublease is immaterial to the arbitration panel's findings. See Bayscene Resident Negotiators v. Bayscene Mobilehome Park, 15 Cal.App.4th 119, 127-128 (Cal. Ct. App. 1993) ("[W]here the claim of illegality does not directly implicate the arbitration agreement and affects only a portion of the underlying contract, the arbitrator's determination as to illegality is binding and not subject to court review.").

Third, even assuming that there was no waiver, that the illegality claim were reviewable and that the sublease was in fact void for illegality, the arbitration panel's decision would still not be disturbed. The sublease played no role in the panel's decision. Their findings were premised alternatively on section 12.3 of the master lease and on tort theories of trespass, nuisance and negligence independent of any contractual relationship. See Final Award of Arbitrators–Abalone Int'l and Crescent City Harbor Dist., at 4-5. The District claims that the sublease is a crucial document because it had the effect of assigning all of Van Hook's rights in the leasehold to AI. However, assuming this were correct, it would only mean that the assignment would be invalid and the rights under the contract would be Van Hook's rather than AI's. Since the arbitrators provided that all awards in their decision would go to AI and Van Hook jointly, id. at 5, this distinction makes no difference

to the District. The alleged illegality of the sublease would at most be a factor in determining how to distribute the award among the prevailing parties. No matter what the outcome, the District would still be liable. As a result, the District's illegality argument fails.

## CONCLUSION

For the reasons stated above, defendants' motion to confirm the arbitration award is GRANTED and plaintiff's motion to vacate the award is DENIED. The motion hearing currently set for August 19, 2005 is VACATED.

**IT IS SO ORDERED.**

Dated: August 16, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE